IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

         v.  :  Civil Action No. DKC 20-0019

MICHAEL CHRISTIAN  :

**MEMORANDUM OPINION**

On April 6, 2020, Magistrate Judge J. Mark Coulson issued a comprehensive Memorandum and Order (ECF No. 23) denying Defendant's motion for reconsideration of detention. Nearly two months later, on June 4, 2020, Defendant filed the pending motion for review of that order. (ECF No. 24). The court directed the parties to file whatever information each wished the court to review because, while *de novo* determination is required, a hearing is not. (ECF No. 25, citing *United States v. Martin*, 2020 WL 1274857 (D.Md. March 17, 2020)). On July 13, 2020, both parties filed supplemental materials. (ECF Nos. 27, 28).[1] Based on a *de novo* review of the written material and after listening to the recording of the detention hearing held on January 23, 2020, the court concludes that detention is warranted, in that, based on

---

[1] The motion to seal (ECF No. 26) is GRANTED. The personal information contained in Defendant's submission should remain confidential except as recited herein. The court understands that the delay in filing the supplemental material was due to difficulty in obtaining the medical records from the detention center.

clear and convincing evidence, there are no conditions or combination of conditions that will reasonably assure the safety of the community.

Mr. Christian, in his most recent filing, argues that the COVID-19 public health emergency, coupled with the deficient measures in place at the DC Jail, and his asthma, merit release. He proposes to be placed on electronic home monitoring and house arrest at the home of his fiancée, who would serve as third party custodian.  He is a life-long Maryland resident, was working as a traffic controller at the time of his arrest, and has a young daughter.  He denies membership in a gang.

The Government relies on information provided before Magistrate Judge Coulson, and also reports that at present the DC Jail reports no active cases of COVID-19 and notes that the medical records report that Mr. Christian's asthma is well controlled. The material information submitted earlier both in writing and orally reflects the circumstances of the arrest in this case (a loaded handgun in a car with drugs, in the same neighborhood where Mr. Christian had before been found with a handgun) and his criminal history (including prior convictions for drugs and handgun offenses and poor performance while under conditions of release).

Pursuant to 18 U.S.C. § 3142(g), the court considers information concerning four factors:  the nature and circumstances

2

of the offense charged, the weight of the evidence, the history and characteristics of the person (including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol use, criminal history, record concerning appearance at court proceedings, whether the person was on probation or other form of release at the time of the current arrest), and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

There is strong evidence supporting the government's case against Mr. Christian.  Indeed, he doesn't dispute the underlying facts, but states that protection from theft/robbery was his motivation for possessing the firearm, rather than any more criminal intent.  The danger presented by the presence of loaded firearms in vehicles in uncertain circumstances cannot be overstated.  While he is a long-standing member of the community, with family ties and work history, he also has a significant criminal history involving drugs and guns and has performed poorly on release conditions.  The possible third-party custodians, his fiancée or his mother, did not, in Judge Coulson's view, provide an adequate safeguard.  At first, his fiancée was working outside the home and thus would have been unavailable for most of the day to monitor his behavior.  Once that changed due to the pandemic,

Judge Coulson noted that electronic monitoring was of limited availability.  The current situation with regard to the third-party custodian and/or electronic monitoring is not entirely clear, but even if both are available, the risk of danger would not be sufficiently controlled.  Mr. Christian's own prior conduct, coupled with the alleged criminal conduct charged in this case, demonstrate by clear and convincing evidence the danger he poses if released.

Section 3142(i) provides a distinct statutory basis for pretrial release. Under that section, the court may "permit the temporary release of [a] person" to "the custody of a United States marshal or another appropriate person," if the court determines that pretrial release is "necessary . . . for another compelling reason."  The defendant bears the burden of establishing circumstances warranting temporary release. *United States v. Lee*, 2020 WL 1974881 (D.Md. April 24, 2020)(citing the Fourth Circuit's order in *United States v. Creek*, CCB 19-036, ECF no. 402.)  Under that directive, the court is to consider the risk that the virus poses to a defendant, given his medical conditions and the current situation at the facility where he is being held, and whether that risk, balanced against the other factors, rises to a level of a compelling reason for temporary release.  In light of the findings stated above, i.e., asthma that is well controlled and the absence of an active COVID-19 presence in the DC Jail, the risk to his

health does not offset the very serious risk of danger to the community that would be posed by his release.  Therefore, temporary release under § 3142(i) is denied.

For the foregoing reasons, based on a *de novo* review, the detention order is CONFIRMED. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge